# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTTSDALE INSURANCE, et al., ) | |
| ) | 8:06CV16 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| AMERICAN RE-INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the plaintiffs' (Scottsdale Insurance) Motion for Leave To File Second Amended Complaint (Filing No. 50).

## BACKGROUND

This case arises from a dispute over insurance coverage following a collision when a tractor trailer struck several other vehicles, resulting in six deaths. **See** Filing No. 11 ¶ 11. The owner of the tractor trailer, Twin Lake Trucking, Ltd. (Twin Lake), sought coverage for the accident claims from its primary insurer, Great West Casualty Company (Great West), and its umbrella insurer, Continental Western Insurance Company (Continental). *Id.* ¶ 12. Prior to the accident, Somerset Holdings, Inc. f/k/a Hull & Company Mid-America, Inc. (Hull), a wholesale insurance intermediary, bound $4 million of umbrella insurance with Continental and bound reinsurance for the umbrella coverage with American Re for $2 million and with Employers Reinsurance Corporation (Employers Re) for $2 million. *Id.* ¶¶ 3, 10. Continental and Hull assigned any and all rights each had against American Re to Scottsdale Insurance (Scottsdale), the errors and omissions insurer of Hull. *Id.* ¶¶ 5, 18. Accordingly, Scottsdale is bringing the instant action as an assignee of Continental's claims against American Re and as assignee and subrogee of Hull's claims against American Re. *Id.* ¶ 6.

On April 24, 2006, Scottsdale filed an amended complaint seeking declaratory and other relief against American Re. **See** Filing No. 11. Scottsdale alleges American Re refuses to provide reinsurance to Continental for any settlements relating the accident.

Continental sought indemnity from Hull.  American Re alleges Hull improperly placed the reinsurance coverage with American Re in breach of various binding guidelines and agreements.  Hull, Continental and Scottsdale entered into a settlement agreement involving Continental's claim against Hull for the amount American Re allegedly owes Continental related to the accident settlements, $1,362,492.79.  Based on the above allegations, Scottsdale instituted claims against American Re for breach of contract (Count I and IX), specific performance (Count II), tortious interference (Count III), breach of covenant of good faith and fair dealing (Count IV), unjust enrichment (Count V and VI), negligence (Count VII and VIII) and declaratory judgment (Count X).  In response, American Re, now known as Munich Re America, Inc., denies liability and alleges claims against Scottsdale for fraud (Count I), based on Hull's conduct in submitting the subject insurance to American Re, and declaratory judgment (Count II).  **See** Filing No. 14.  Similarly, American Re separately alleges claims against Continental and Hull based on fraud (Count I), breach of contract (Count II), negligence (Count III) and declaratory judgment.  **Id.**  Scottsdale is now seeking leave to amend the complaint to reflect the $1,62,276.40 Scottsdale paid on behalf of Hull in August, 2007, for the additional body injury and property damage claims as full and final settlement.  **See** Filing No. 50.  Scottsdale attached a proposed a Second Amended Complaint to its current Motion (Filing No. 50-1).

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  Unless there is a good reason for denial, "such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment -- leave to amend should be granted."  **Brown v. Wallace**, 957 F.2d 564, 566 (8th Cir. 1992) (quotes and cites omitted).  There is no absolute right to amend.  **Williams v. Little Rock Municipal Water Works**, 21 F.3d 218, 224 (8th Cir. 1994).  However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." **Gamma-10 Plastics, Inc. v. American President Lines**, 32 F.3d 1244, 1255 (8th Cir.

1994) (quotes and citations omitted). Further, likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous. *Id.* at 1256. Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Id.* at 1255; **Williams,** 21 F.3d at 224; **Brown,** 957 F.2d at 565.

Upon consideration, the court finds Scottsdale has demonstrated good cause for amending its complaint. Additionally, the court does not find the amendment is in bad faith, is futile, or will prejudice the defendants. The parties are advised the court does not expect the amended complaint to result in any delay in the progression of this matter, and therefore, any requests for extensions in time as a result of the amended complaint must be supported by a showing of good cause. Accordingly,

**IT IS ORDERED:**

1. The plaintiffs' Motion for Leave To File Second Amended Complaint is granted.

2. The plaintiffs' shall file its Second Amended Complaint forthwith.

Dated this 30th day of August, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge